# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HAROLD E. HARTER,

    Plaintiff,

v.

E.K. McDANIEL, et al.,

    Defendants.

Case No. 3:16-cv-00118-RCJ-WGC

**Order**

## I. DISCUSSION

On July 18, 2016, the Court issued an order screening Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983. (ECF No. 3). Plaintiff has now filed a motion to stay the screening order (ECF No. 5), that the Court construes as a motion for reconsideration.

Plaintiff alleges the Court incorrectly dismissed Plaintiff's Fourteenth Amendment due process and equal protection claims based on facts never alleged by Plaintiff. (ECF No. 5 at 1). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Plaintiff asserts that he does not merely allege that he is "being treated differently than other inmates," but also that he faces a form of "gender discrimination requiring a higher standard of review." (ECF No. 5 at 1). Plaintiff does not allege in his complaint, however, that he was denied parole or given a higher risk to sexually re-offend based *solely* on his sexual orientation. Plaintiff specifically alleges "Plaintiff's risk to sexually reoffend was also based on the aggravation and false conclusion that he was a stranger to his victims and that he had a lover living with him for over two years." (ECF No. 4 at 4). Plaintiff states that defendant Dr. Lewis used Plaintiff's static-99 assessment in determining his risk to re-offend. (ECF No. 4 at 3-4). The static-99 assessment produces a score based on factors other than Plaintiff's sexual preference or the sex of his victims. Plaintiff's issue with the assessment is that it is unaffected by his positive institutional record. (ECF No. 4 at 4). Based on Plaintiff's own allegations, a rational basis test is the appropriate means to determine whether a violation of the Equal Protection Clause of the Fourteenth Amendment has occurred. As such, Plaintiff's motion for reconsideration on the basis of the Court's Equal Protection analysis is denied.

Plaintiff additionally alleges that the Court erred in dismissing his Fourteenth Amendment Due Process claim because he "has a liberty interest in being considered for parole . . . ." (ECF No. 5 at 3). Plaintiff is incorrect. While a state's statutory scheme for parole can give rise to a constitutional liberty interest if it uses the mandatory language and creates a presumption that parole release will be granted, *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), the law of the particular state is relevant. Release on parole in the State of Nevada is "an act of grace of the State," and "it is not intended that the establishment of standards relating [to parole] create any such right or interest in liberty or property or establish a basis for any cause of action against the State, its

political subdivisions, agencies, boards, commissions, departments, officers or employees." NRS 213.10705. As such, Plaintiff's motion for reconsideration on the basis of the Court's due process analysis is denied.

**II.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to stay the screening order (ECF No. 5) is DENIED.

DATED: August 30, 2016.

_____
United States District Judge