**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAROLD E. HARTER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>E.K. McDANIEL, et al.,<br><br>　　　　Defendants. | Case No. 3:16-cv-00118-RCJ-WGC<br><br>**Order** |

**I.　DISCUSSION**

On July 18, 2016, the Court issued an order screening Plaintiff's complaint (ECF No. 3). The screening order dismissed Plaintiff's complaint without prejudice and granted Plaintiff thirty days to file an amended complaint. (ECF No. 3 at 6:26-7:13). Plaintiff subsequently filed a motion to stay the screening order (ECF No. 5) that the Court construed as a motion for reconsideration. On August 30, 2016, the Court issued an order denying Plaintiff's motion to stay the original screening order.  (ECF No. 7). The Court then issued an order granting Plaintiff an extension of fourteen days to file his amended complaint, if any. (ECF No. 8). The fourteen-day period has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in

dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within thirty days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action shall be dismissed without prejudice." (ECF No. 8 at 3:1-2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint within fourteen days.

It is therefore ORDERED that this action is dismissed based on Plaintiff's failure to file an amended complaint in compliance with this Court's July 18, 2016 screening order (ECF No. 3), August 30, 2016 order denying Plaintiff's motion to stay the screening order (ECF No. 7), September 1, 2016 order granting Plaintiff an extension to file an amended complaint, and for failure to state a claim.

IT IS FURTHER ORDERED that Plaintiff's application for leave to file *in forma pauperis* (ECF No. 1) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

DATED: This 18th day of October, 2016.

_____
United States District Judge